IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SMARTVUE CORPORATION            )
                                )
v.                              )        No. 3-11-1145
                                )
MISTRAL CORPORATION PVT. LTD.;  )
and NEXT POWER ELECTRONICS      )
PVT. LTD.                       )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' proposed initial case management order, with modifications addressed at the initial case management conference held on January 23, 2012. Those modifications and other matters addressed on January 23, 2012, are as follows:

1.      Counsel for defendant Mistral Corporation Software Pvt. Ltd. ("Mistral") explained that, although the plaintiff had named the correct party, Mistral Software, Inc. is the former name of Mistral Solutions, Inc. See Docket Entry No. 8, at 1-2, § 3. However, plaintiff's counsel represented that the plaintiff intended to and did sue the Indian company, not the United States subsidiary. As a result, counsel for defendant Mistral represented that the proper naming of the defendant was not a significant concern.

2.      Any motions to the amend the pleadings, including any motions to assert counter-claims, cross-claims or third party claims, shall be filed by August 31, 2012.

3.      All written discovery shall be completed by October 29, 2012. That means that written discovery shall be served in sufficient time so that responses will be in hand by October 29, 2012.[1]

4.      Counsel advised that the only anticipated discovery of electronically stored information will be emails and computer assisted design ("CAD") drawings, and the parties have

_____

[1] The parties proposed an October 28 deadline, but October 28, 2012, is a Sunday, so the deadline has been changed to October 29, 2012.

agreed upon the form in which e-discovery shall be produced. As a result, the parties are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

5.      The parties bearing the burden of proof shall have until December 13, 2012, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

6.      The parties shall comply with Local Rule 37.01(c)(6)(c).

7.      A telephone conference call with counsel for the parties and the Court is scheduled on **Friday, February 1, 2013, at 11:00 a.m., central time,** to be initiated by plaintiff's counsel, to address the status of the case, any outstanding or anticipated discovery issues, the potential for settlement and propriety of ADR, and specifically to address whether any party seeks to use any further experts or disclose any further expert opinions after the January 18, 2013, deadline for rebuttal expert disclosures, and, if so, to address establishing a deadline for such disclosure and whether expert discovery can be completed by the March 22, 2013, deadline.

Alternatively, counsel for the parties shall, at their option, appear for a case management conference in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN, particularly if there are matters to be addressed that would justify an in-court proceeding.

8.      Any discovery motions shall be filed by February 7, 2013. Alternatively, the parties shall, by February 7, 2013, schedule a telephone conference call with the Court to address any discovery issues or disputes.

9.      As provided in the contemporaneously entered order, any dispositive motion shall be filed by April 30, 2013. Any response shall be filed within 21 days of the filing of the motion or by May 21, 2013, if the motion is filed on April 30, 2013. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by June 4, 2013, if the response is filed on May 21, 2013.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable Kevin H. Sharp.

Memoranda in support of or in opposition to any dispositive motion shall not exceed twenty (20) pages.

Unless otherwise addressed in the ruling on the pending motion to stay (Docket Entry No. 13) or otherwise ordered, there shall be no stay of discovery before the January 23, 2013, deadline for completion of fact discovery or the March 22, 2013, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Sharp's office, a jury trial is scheduled to begin on **October 1, 2013, at 9:00 a.m.** in Courtroom A-826, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties anticipate that the trial will last approximately six (6) days.

A pretrial conference is also scheduled before Judge Sharp on **Monday, September 9, 2013, at 1:30 p.m.**, in Courtroom A-826.

The parties' obligations prior to the pretrial conference will be set forth by order entered closer to the trial date.

Although the issue was not raised at the initial case management conference, it appears, from a review of the file, that defendant NeST Power Electronics Pvt., Ltd. filed a notice of removal of this case from the Chancery Court for Davidson County, Tennessee, in which defendant Mistral did not join, and that defendant Mistral has not filed a consent to the removal. Thus, it appears that the "rule of unanimity" may not have been met. See City of Cleveland v. Ameriquest Mortgage Securities, Inc., 615 F.3d 496, 501 (6th Cir. 2010).

Therefore, by February 15, 2012, the parties shall file a status report or notice addressing the issue of whether the rule of unanimity has been met.

The Clerk is directed to forward the file in this case to Judge Sharp for his consideration of the motion of defendant NeST Power Electronics Pvt., Ltd. to dismiss and accompanying filings (Docket Entry Nos. 10-12), and its accompanying motion to stay pending resolution of the motion to dismiss (Docket Entry No. 13), and, as provided in the contemporaneously entered order, any

response(s) to be filed by February 6, 2012, and any reply, if necessary, to be filed by February 16, 2012.

No other filings in support of or in opposition to the pending motion to dismiss shall be made except with Judge Sharp's express permission.

Unless and until the motion to stay is granted, there shall be no stay of discovery during the pendency of the pending motion to dismiss.[2]

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[2] The parties anticipate filing a joint motion or an unopposed motion by defendant NeST Power Electronics Pvt., Ltd. for oral argument on the motion to dismiss.